NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NANCY CEGLIO<br><br>    Plaintiff,<br><br>v.<br><br>NORDSTROM, INC,<br><br>    Defendant. | Civil Action No.: 10-0591 (JLL)<br><br><br>OPINION |

**LINARES**, District Judge.

Currently before the Court is Plaintiff's motion for reconsideration of this Court's denial of Plaintiff's motion to vacate Cynthia Jacob's arbitration award dated March 18, 2011. The Court has considered the submissions of the parties and decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set for below, Plaintiff's motion for reconsideration is denied.

**I.**  **BACKGROUND**

The facts of this case are more fully detailed in this Court's May 25, 2011 Opinion and Order. Only those facts relevant for the present motion are included here.

Plaintiff Nancy Ceglio ("Plaintiff" or "Ceglio") filed the instant action on February 2, 2010 alleging that Defendant Nordstrom, Inc. ("Defendant" or "Nordstrom") committed unlawful employment practices by discriminating against her based on her age and race. On or around March 9, 2010, this Court entered a stay of these proceedings pursuant to the parties' stipulation to arbitrate. The American Arbitration Association assigned this matter to Cynthia M. Jacob

("Arbitrator Jacob"). Arbitrator Jacob set October 12-14, 2010 as the hearing date. However, Plaintiff requested a continuance to conduct discovery and the hearing date was rescheduled for November 17-19, 2010.

On the day before the hearing, November 16, 2010, Counsel for Plaintiff, Peter Cresci, advised opposing counsel that he could not attend the hearing because his presence was required at a funeral in Delaware. Opposing Counsel consented to a one day adjournment. Arbitrator Jacob advised the parties that the hearing would therefore begin on November 18, 2010. That morning, counsel for Nordstrom appeared ready to proceed with five witnesses. Neither counsel for claimant nor claimant appeared. Mr. Cresci was telephoned, and notified by e-mail and facsimile that the hearing would proceed without him under Rule 29. Accordingly, Arbitrator Jacob took testimony from four Nordstrom witnesses.

The following day, Mr. Cresci sent a letter to Arbitrator Jacob indicating that he would "review the options provided under the rules and address them shortly." On November 22, 2010, Arbitrator Jacob issued an order requiring Mr. Cresci to personally pay for a transcript of the proceedings and directing him to pay for certain expenses that the five witnesses had incurred due to his failure to appear without notice. In that same order, pursuant to Rule 28, Arbitrator Jacob also permitted Plaintiff's counsel another opportunity to present Plaintiff's case and cross-examine Nordstrom's witnesses.

Plaintiff's counsel did not comply with the Order, nor did he challenge it. On December 15, 2010, Mr. Cresci made an application to Magistrate Judge Claire C. Cecchi requesting that this matter be reinstated to the active docket because "efforts to resolve [it] had failed." Plaintiff's counsel made no contact with Arbitrator Jacob until the Arbitrator send a letter to

counsel for both parties and Plaintiff herself scheduling a telephone conference in light of the arbitrator's repeated fruitless attempts to contact Plaintiff's counsel.  Mr. Cresci participated in the telephone conference only long enough to advise Arbitrator Jacob that it was improper for AAA to contact his client directly, whereupon counsel for Plaintiff hung up.  Thereafter, the record was closed and upon review of the substantive findings of fact, Arbitrator Jacob entered an Order in Nordstrom's favor.

On March 16, 2011, Plaintiff filed a Motion to Reinstate Case before this Court.  Defendant filed a cross-Motion to Confirm the Arbitration Award on April 4, 2011.  On May 25, 2011, this Court issued an Opinion and Order ("Opinion and Order") denying Plaintiff's motion to reinstate and granting Defendant's motion to the confirm the arbitration award.  On June 9, 2011, Plaintiff filed the instant motion for reconsideration of this Court's Opinion and Order.

## II.    LEGAL STANDARD

"Reconsideration is an extraordinary remedy" and should be "granted 'very sparingly.'"  See L.Civ.R. 7.1(I) cmt.6(d); see also Fellenz v. Lombard Investment Corp., Nos. 04-3993, 04-5768, 04-3992, 04-6105, 2005 WL 3104145, at *1 (D.N.J. Oct. 18, 2005).  A motion for reconsideration must "set[] forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked."  L.Civ.R. 7.1.  When the assertion is that the Court overlooked something, the Court must have overlooked "some dispositive factual or legal matter that was presented to it."  McGovern v. City of Jersey, No. 98-5186, 2008 WL 58820, at *2 (D.N.J. Jan. 2, 2008).  The Court will reconsider a prior order only where a different outcome is justified by: (1) intervening change in law; (2) availability of new evidence not previously available; or a (3) need to correct a clear error of law or manifest injustice (the

"reconsideration elements"). N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995).

### III.  ANALYSIS

Plaintiff brings this motion pursuant to the third reconsideration element: a need to correct a clear error of law or manifest injustice. Plaintiff avers that this Court did not appreciate the arguments Plaintiff made in support of its motion to vacate the arbitration award. Namely, Plaintiff claims that 1) this Court did not give proper effect to this Circuit's law governing arbitration agreements; and 2) that this Court made impermissible findings of fact. Plaintiff's Memorandum in Support of Motion for Reconsideration ("Reconsideration Brief") at 2. However, Plaintiff does not point to any specific dispositive factual or legal matter that this Court has overlooked. Instead Plaintiff makes the same unconscionability arguments that this Court has already treated and rejected.

For example, Plaintiff continues to argue that the arbitration agreement was unconscionable and a contract of adhesion. As evidence of this, Plaintiff points to the fact that no other employees ever refused to sign the agreement nor did any employees consult an attorney prior to signing it. However, Plaintiffs argument is misguided for two reasons.

First, Plaintiff's argument ignores the standard under which arbitration awards are reviewed. As stated in this Court's Opinion and Order, pursuant to Section 10(a) of the Federal Arbitration Act ("FAA"), a Court may only vacate an arbitration award:

   (1) where the award was procured by corruption, fraud, or undue means;
   (2) where there was evident partiality or corruption in the arbitrator;
   (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing,
    upon sufficient cause shown, or in refusing to hear evidence pertinent and material to
    the controversy; or of any other misbehavior by which the rights of any party have
    been prejudiced; or

> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10.

Plaintiff does not allege that any of the above-listed factors are at issue here.[1] Rather, Plaintiff's argument is one of merits. As stated in this Court's Opinion and Order, "this Court may not vacate an arbitration award merely because it views the merits of the claims differently or because the Court feels that the arbitrator made a factual or legal error." Opinion and Order, p. 4. (citing Major League Umpires Ass'n v. American League of Professional Baseball Clubs, 357 F.3d 272, 279 (3d Cir. 2004)). Thus, Plaintiff's arguments regarding unconscionability are misplaced. Further, Plaintiff's counsel denied his own client the opportunity to present these arguments to Arbitrator Jacob by repeatedly failing to appear at the arbitration hearing despite Arbitrator Jacob's many attempts to reach him. See DePalma v. Jersey Shore Medical Center, 1984 WL 354 *1 (D.N.J. April 12, 1984) ("A motion for reargument is not an opportunity for the losing party to present the arguments that should have been made initially.").

Second, even if this Court were to review the arbitration award on the merits, it is not clear that Plaintiff would prevail. It is fundamental to arbitration law that to be unconscionable, an agreement must be both substantively and procedurally unconscionable. See Seus v. John Nuveen & Co., Inc. 146 F.3d 175, 184 (3d Cir. 1998) (overruled on other grounds) ("A contract of adhesion is invalid only where its terms unreasonably favor the other party."). Ceglio's allegations do not satisfy these requirements.

---

[1] In her brief, Plaintiff offhandedly alleges that Arbitrator Jacob only rendered her decision in order to be compensated by Nordstrom. Reconsideration Brief at 6. The Court will not entertain this accusation as Plaintiff makes only brief mention of it and provides no evidence to support this claim.

Plaintiff's allegations of procedural unconscionability are deficient. Ceglio argues that she was forced to sign the form in order to become employed; however, nothing on the record demonstrates that she was forced to stipulate to arbitration in the instant matter. This fact undermines Plaintiff's argument that she never intended to submit this matter to arbitration. A party cannot voluntarily submit to arbitration, participate in the arbitration, then attempt to argue unconscionability when it looks like she might not prevail. See Teamsters Local 764 v. J.H. Merritt Co., 770 F.2d 40, 43 (3d Cir. 1985). Further, even if her entry into the agreement was discovered to be procedurally unconscionable, there is nothing on the record to demonstrate that the agreement is substantively unconscionable. To the contrary, the terms of the arbitration agreement do not confer any improper advantages on Nordstrom.

Lastly "Plaintiff alleges that the Court appears to utilize the summary judgment standard . . . creating the impression that there are 'no genuine issues of material fact'." Reconsideration Brief at 6. This allegation constitutes a gross misunderstanding of this Court's Opinion and Order by Plaintiff. First, Plaintiff's use of quotation marks around "no genuine issues of material fact" is erroneous and misleading as this Court never makes reference to either a "genuine issue of material fact" or the summary judgment standard in its Opinion and Order. Second, it is clear that Plaintiff has confused the summary judgment standard with proper application of the FAA. As stated in this Court's Opinion and Order, "[i]n order to vacate an arbitration award on such grounds, there must be absolutely nothing in the record to justify the arbitrator's decision." Order and Opinion, pp. 4-5. (citing News America Publications, Inc. Daily Racing Form Division v. Newark Typographical Union, Local 103, 918 F.2d 21, 24 (3d Cir. 1990). Thus, this Court's finding that "[t]here is nothing on the record to undermine Arbitrator Jacob's ruling . . ." and

subsequent decision to confirm the arbitration award, constitutes employment of the proper standard as prescribed by the FAA. Opinion and Order, p. 6. It is not, as Plaintiff avers, an improper application of the summary judgment standard.

IV.   CONCLUSION

For the reasons set forth above, Plaintiff's motion for reconsideration is denied. An appropriate order accompanies this Opinion.

DATED: July 20, 2011

s/ Jose L. Linares<br>
JOSE L. LINARES<br>
U.S. DISTRICT JUDGE